FILED IN OPEN COURT
U.S.D.C. - Atlanta

JAN 18 2023

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DEBORAH MCNEILL | Criminal Information<br><br>No. 1:23-CR-009 |

THE UNITED STATES ATTORNEY CHARGES THAT:

## Count One
(18 U.S.C. § 371 – Conspiracy to Commit Access Device Fraud)

1. Beginning no later than in or around January 2020, and continuing until in or around October 2020, in the Northern District of Georgia, and elsewhere, the defendant, **DEBORAH MCNEILL,** and Edwin Owie, Osemwengie Imarhia, and others known and unknown, did knowingly and willfully combine, conspire, confederate, agree, and have a tacit understanding with each other to knowingly and with intent to defraud use at least one unauthorized access device during any one-year period, and by such conduct obtain things of value aggregating at least $1,000 during that period, affecting interstate commerce thereby, in violation of Title 18, United States Code, Section 1029(a)(2).

### Object of the Conspiracy

2. It was the object of the conspiracy for **DEBORAH MCNEILL,** Edwin Owie, Osemwengie Imarhia, and others known and unknown, to unjustly enrich themselves from the proceeds of fraud on various federal benefit programs through the fraudulent and unlawful use of unauthorized access devices.

## Manner and Means

3. The manner and means by which the defendant, **DEBORAH MCNEILL**, and Edwin Owie, Osemwengie Imarhia, and others known and unknown, sought to accomplish and did accomplish the object of the conspiracy included, but were not limited to, the following:

4. Defendant **DEBORAH MCNEILL** resided in the Northern District of Georgia during the conspiracy and was recruited by an individual, G.A., to open financial accounts and to receive and launder the proceeds of various frauds, including fraudulently obtained federal income tax refunds, economic impact payments, SBA loans, and unemployment benefits.

5. The conspirators, including Owie, received and laundered the fraud proceeds using a combination of prepaid debit cards, fraudulently opened bank accounts, money orders, and cash transfers.

6. Owie and Imarhia received, via email, stolen personal identifying information ("PII"), including, but not limited to, names, social security numbers, and dates of birth. During the conspiracy, Owie possessed stolen PII belonging to at least 250 individuals, including K.M. and J.M.

7. Owie and Imarhia used and attempted to use stolen PII to activate prepaid debit cards.

8. Owie also used and attempted to use stolen PII to open and access bank accounts.

9. Other conspirators further used the stolen PII for, among other things, filing fraudulent federal income tax returns, applying for fraudulent

unemployment insurance benefits, and applying for fraudulent SBA loans. The refunds, benefits, and loans generated from these fraudulent filings were direct deposited to prepaid debit cards and bank accounts opened by Owie and Imarhia and other co-conspirators.

10. Owie and Imarhia monitored the accounts into which the fraudulent refunds, benefits, and loans were deposited. After fraud proceeds were received, they instructed defendant **MCNEILL** how to withdraw and transfer the fraud proceeds.

11. Defendant **MCNEILL** withdrew the fraud proceeds by using debit cards opened using the stolen PII to withdraw cash from ATMs and purchase money orders at Publix, Kroger, and Walmart locations throughout metro Atlanta.

12. During the conspiracy, defendant **MCNEILL** deposited thousands of money orders, totaling approximately $1.7 million in fraud proceeds, into her business and personal bank accounts.

13. Defendant **MCNEILL** distributed a portion of the fraud proceeds to her co-conspirators, including Owie and Imarhia, by cash, money order, check, or wire transfers to their bank accounts, while also keeping a cut for herself.

14. Defendant **MCNEILL** and the other co-conspirators concealed their activities by communicating with one another through in-person meetings, burner phones, and encrypted messaging apps, among other ways.

## Overt Acts

15. In furtherance of the conspiracy, the defendant, **DEBORAH MCNEILL**, and other known and unknown members of the conspiracy, including Owie and

Imarhia, committed various overt acts in the Northern District of Georgia, including, but not limited to, the following:

    a. On or about January 28, 2020, Owie sent a co-conspirator an email containing stolen PII, including, names, bank account numbers, routing numbers, usernames, and passwords for 14 individuals, including a Regions Bank account ending x4053, in the name of identity theft victim, K.M.

    b. On or about January 29, 2020, Owie sent a co-conspirator a second email containing the same stolen PII, including names, bank account numbers, routing numbers, usernames, and passwords for eight individuals, including K.M. In the body of the email, Owie stated, "I send some to capo. I deleted the ones I sent to capo." Imarhia is also known as "Capo" or "Capa."

    c. On or about April 29, 2020, Owie used Regions Bank account x4053, in the name of K.M, to receive a fraudulent federal tax refund in the amount of approximately $2,400.

    d. On or about April 29, 2020, defendant **MCNEILL** purchased four money orders, totaling approximately $1,980, at a Publix in metro Atlanta, with a debit card associated with Regions Bank account x4053, in the name of K.M.

    e. On or about July 22, 2020, Imarhia activated a Green Dot prepaid debit card ending x3002, in the name of J.M.

  f. Between on or about July 24, 2020 and on or about July 27, 2020, Imarhia used a Green Dot prepaid debit card ending x3002, in the name of J.M., to receive at least $16,512 in fraudulent Illinois state unemployment insurance benefits.

All in violation of Title 18, United States Code, Section 371.

## Count Two
(18 U.S.C. § 1028A(a)(1) – Aggravated Identity Theft)

16. The factual allegations contained in Paragraphs 2-15 are re-alleged and incorporated as if fully set forth herein.

17. On or about April 29, 2020, the defendant, **DEBORAH MCNEILL**, aided and abetted by others known and unknown, knowingly transferred, possessed, and used, without lawful authority, a means of identification of K.M., including K.M.'s name and account number, during and in relation to a felony enumerated in Title 18, United States Code, Section 1028A(c), namely access device fraud, in violation of Title 18, United States Code, Section 1029(a)(2).

All in violation of Title 18, United States Code, Section 1028A(a)(1) and Section 2.

## Forfeiture Provision

Upon conviction of the offense alleged in Count One of this Criminal Information, the defendant, **DEBORAH MCNEILL**, shall forfeit to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any property, real or personal, constituting, or derived from, proceeds obtained directly or indirectly, as a result of such violation, including but not limited to the following:

> MONEY JUDGMENT: A sum of money in United States currency equal to the amount of proceeds the defendant obtained as a result of the offense alleged in Count One of this Criminal Information.

If, as a result of any act or omission of any defendant, any property subject to forfeiture:

   a. cannot be located upon the exercise of due diligence;
   b. has been transferred or sold to, or deposited with, a third party;
   c. has been placed beyond the jurisdiction of the court;
   d. has been substantially diminished in value; or
   e. has been commingled with other property which cannot be divided without undue complexity or difficulty,

the United States intends, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

RYAN K. BUCHANAN
 *United States Attorney*

ALEX R. SISTLA
 *Assistant United States Attorney*
Georgia Bar No. 845602

GLENN S. LEON
 *Chief, Fraud Section*

LAUREN ARCHER
 *Trial Attorney, DOJ - Fraud*
Maryland Bar No. 1412160028

600 U.S. Courthouse
75 Ted Turner Drive SW
Atlanta, GA 30303
404-581-6000; Fax: 404-581-6181